*THE STATE vs. LEWIS.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

It is a good cause of recusation in a judge, that he is owner of a pew, when the plaintiff seeks to recover the ground on which the Church is erected.

Suit was instituted in the Court of the First District against the rector and church wardens of Christ Church, the object of which was, to obtain the property on which the corporation had erected a church. When the cause came on for trial, the judge recused himself on the ground that, being the owner of a pew in the church, in his own right, he was directly interested in the event of the suit. A rule was then taken on him to show cause why a writ of *procedendo* should not be issued against him. Cause was shown whereupon.

*Martin, J.,* delivered the opinion of the court.

A rule having been obtained against the judge, to show cause why a writ of *procedendo* should not be issued against him, directing him to proceed to trial, in the case of *Clark et al.* vs. *the Rector and Wardens of Christ Church*—he made his return as follows: "1 am owner of a pew, in Christ Church, in my own right, and not in common with the other corporators. This pew is designated by No. —— and has fixed limits, and, in it, no one has a right to enter but the owner, and I consider it as my separate and individual estate, which I can sell, or otherwise dispose of, without the will or consent of others; and consequently I have a direct interest in the event of the suit: which is respectfully submitted."

It is contended the judge erred in recusing himself; because, by an act of the legislature of the 9th of January,

1825, it is provided that, in all civil and criminal cases, in which the State, the parishes or the politic or religious incorporations (except the banks or other moneyed institutions) are interested, it shall not be a sufficient cause to challenge the judge or justice of the peace, who have cognizance of the case, . . . . . to allege that they are citizens or inhabitants of the state, or of the said parishes, or members of the said politic or religious incorporations, or that they pay a State, parish or city tax.—2 *Moreau's Digest*, 295.

It is clear the mere circumstance of the judge being a member of the corporation, which is a religious one, does not prevent him from trying the cause ; but besides his interest in common with the other corporators, he informs us he is the owner of a pew, in the church; and the object of the suit is to recover the very ground on which the church is built.   This pew, he says, is part of his separate and individual estate, which he may sell and dispose of: we are ignorant whether he could not sell it to a person not a member of the corporation, and rather believe he could.   The vendee would then certainly have an interest, in the present suit, which would not be within the provision of the act of 1825, which would consequently exclude him.   If this be correct, the additional circumstance of the owner being also a member of the corporation, ought not to prevent his exclusion.

Such is the law with regard to witnesses, for the act of March 20, 1806, provides that " the interest which witnesses may have as members of the said corporations only, is not a sufficient reason for excluding their testimony; and that, unless the said witnesses have, in the cause, a particular interest distinct from that which they have in common with the other members of the said corporations, they shall be creditable witnesses, and shall be admitted as such, to give evidence in causes in which the said corporations are parties.—*Id.* 528.

The interest which a man has in the property of a corporation, as a member thereof, is not his private property, and cannot be sold to satisfy his creditors ; but if, independently of his membership, he is the owner of a pew, he has an interest therein distinct from that of those who have no pew, and, indeed, from that of owners of other pews. This interest, the act of 1806 expressly says, shall exclude him from being a witness; a disability which it would be our duty to imply, were it not expressed; it must *a fortiori* exclude him from being the judge of the cause.

If there be a religious corporation, in which every member of a corporation has a distinct pew, which constitutes part of his separate estate, and which he may sell or otherwise dispose of; then this corporation is virtually not one of those contemplated by the act of 1825; for, independently of their common interest in the concerns of the corporation, the members have a *private* interest in what is the object of this distinct ownership.

The judge, in our opinion, did not err, and the rule must be discharged.

*Eastern District,*
*May* 1831.

STATE
*vs.*
LEWIS.

It is a good cause of recusation in a judge that he is owner of a pew where the plaintiff seeks to recover the ground on which the church is erected.